UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 03/01/2022

TRUSTEES OF THE DISTRICT COUNCIL
NO. 9 PAINTING INDUSTRY
INSURANCE FUND; TRUSTEES OF THE
DISTRICT COUNCIL NO. 9 PAINTING
INDUSTRY ANNUITY FUND; and
DISTRICT COUNCIL NO. 9
INTERNATIONAL UNION OF PAINTERS
AND ALLIED TRADES, A.F.L.-C.I.O.,

                     Petitioners,

          v.

SPEEDO CORP. a/k/a SPEEDO
CORPORATION,

                     Respondent.

No. 21-CV-3705 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Petitioners Trustees of the District Counsel No. 9 Painting and Industry Insurance Fund, Trustees of the District Council No. 9 Painting Industry Annuity Fund, and District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O. (collectively, "Petitioners") seek confirmation of an arbitration award against Respondent Speedo Corp. a/k/a Speedo Corporation. Respondent did not oppose the petition. For the reasons set forth below, the petition is granted.

## BACKGROUND[1]

Petitioner District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O. (the "Union"), is a labor union. The other Petitioners, Trustees of the District Council No. 9 Painting Industry Insurance Fund and Trustees of the District Council No. 9 Painting Industry Annuity Fund (the "Funds"), are the fiduciaries of jointly administered multi-employer, labor

---

[1] The Court draws the following facts from the Rule 56.1 Statement, the Petition, and the supporting declarations and exhibits thereto.

management trust funds organized and operated in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA").  Respondent Speedo Corp. a/k/a Speedo Corporation ("Speedo") is a New York corporation.

A collective bargaining agreement ("CBA") governs the employment relationship between Speedo and the Union.  Pursuant to Article XIII of the CBA, all disputes arising between Speedo and the Union will be submitted to final, binding decisions of the Union's Joint Trade Committee. Kugielska Decl. Ex. B.

The instant dispute arose when Speedo failed to register a job for overtime work with the Union and failed to submit wages and benefits on behalf of Union member Gilberto Tavarez, in accordance with Article IV, Article VIII, Article XX, Article XII Section 11 Violation 3, and Article XIII Section 11 Violation 9 of the CBA.  Because the parties were bound by arbitration, the Union filed and served Demands for Arbitration with the Union's Joint Trade Committee (the "JTC") in accordance with Article XIII.  Following a hearing on December 18, 2020, the JTC issued a written award finding that Speedo violated the CBA by failing to register a job for overtime work with the Union and by failing to submit wages and benefits on behalf of Union member Gilberto Tavarez.  Kugielska Decl. Ex. A.  The award directed Speedo to pay $150 in wages on behalf of Gilberto Tavarez, $51.73 in benefits to the Funds as contributions on behalf of Gilberto Tavarez, and $16,766.92 in fines to the Joint Trade Committee of the Painting and Decorating Industry.  *Id.* at 3.  A copy of the award was delivered to Speedo, and a demand letter was served on Speedo for failing to comply with the award.  To date, Speedo has failed to comply with the terms of the award.

On April 26, 2021, Petitioners filed the instant petition, seeking an order confirming the award and attorney's fees and costs arising from the petition.  The Court directed Respondent to

2

file any opposition by June 11, 2021.  Dkt. 7.  Respondent has not submitted any response to the

petition.  On July 7, 2021, Petitioners refiled their petition as an unopposed motion for summary

judgment.  Dkt. 12.

## STANDARD OF REVIEW

"Because arbitration awards are not self-enforcing, they must be given force and effect by

being converted to judicial orders by courts."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104

(2d Cir. 2006).[2]  Under the Federal Arbitration Act ("FAA"), if the parties have agreed that a

judgment of the court shall be entered upon an award made pursuant to an arbitration, then any

party to that agreement may apply for a judicial decree confirming the award within a year after

the award is made, which a court "must grant . . . unless the award is vacated, modified, or

corrected" as prescribed by the FAA.  9 U.S.C. § 9.  "Normally, confirmation of an arbitration

award is a summary proceeding that merely makes what is already a final arbitration award a

judgment of the court."  *Seneca Nation of Indians v. New York*, 988 F.3d 618, 625 (2d Cir. 2021)

(quoting *D.H. Blair & Co.*, 462 F.3d at 110).  Because "[a]rbitration panel determinations are

generally accorded great deference under the FAA," a "court is required to enforce the arbitration

award as long as there is a barely colorable justification for the outcome reached."  *Leeward

Constr. Co. v. Am. Univ. of Antigua–Coll. of Med.*, 826 F.3d 634, 638 (2d Cir. 2016).

An unanswered petition to confirm an arbitration award is treated as an unopposed motion

for summary judgment, which "must fail where the undisputed facts fail to show that the moving

party is entitled to judgment as a matter of law."  *D.H. Blair & Co.*, 462 F.3d at 109–10.

Accordingly, the Court may not grant an unopposed petition to confirm an arbitral award "without

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, omissions, and alterations.

first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

## DISCUSSION

Petitioners argue that they are entitled to confirmation of the arbitration award, attorney's fees, and costs.  The Court agrees.

### I.    Confirmation of the Arbitration Award

The Court finds that Petitioners have demonstrated entitlement to confirmation of the arbitration award as a matter of law.

First, Petitioners have presented undisputed evidence that the parties agreed to arbitrate the claims.  The CBA provides in relevant part:

> The Joint Trade Committee and Joint Trade Board are empowered to hear and decide in arbitration as hereinafter provided, all grievances and disputes which arise between the parties as to the interpretation or application of this Trade Agreement and to make such awards or assess remedies, damages and penalties for violations of this Trade Agreement. The Joint Trade Committee and Joint Trade Board shall have the authority to issue awards with respect to all grievances and disputes in any manner which they deem reasonable. The Joint Trade Committee and the Joint Trade Board shall have all powers necessary to remedy complaints brought before them including, but not limited to (i) wages and contributions owed; (ii) liquidated damages; (iii) interest on monies due; (iv) attorneys' and auditors' fees, and (v) the cost and expenses of arbitration; and (vi) any fines and/or penalties imposed.

CBA art. XII, § 3(a).  The instant dispute arose when Respondent failed to register a job for overtime work with the Union and failed to submit wages and benefits on behalf of Union member Gilberto Tavarez, in accordance with Article IV, Article VIII, Article XX, Article XIII § 11 Violation 3, and Article XIII § 11 Violation 9 of the CBA.  This dispute is plainly within the scope of the CBA's arbitration provision.

Second, there is no dispute that the arbitrator acted within the scope of his authority.

4

Pursuant to the CBA, the arbitrator "shall have the authority to issue awards with respect to all grievances and disputes" and "shall have all powers necessary to remedy complaints brought before them including, but not limited to . . . wages and contributions owed [and] any finds and/or penalties imposed." CBA art. XII, § 3(a). Petitioners have submitted undisputed evidence, including the CBA and the award itself, that the arbitrator's remedy was appropriate under the terms of the CBA.

Finally, Petitioners have also submitted evidence demonstrating that Respondent participated in the arbitration proceeding and was given the opportunity to present arguments and defenses. *See* Kugielska Decl. Ex. A.

In sum, the evidence submitted by Petitioners satisfies their burden of demonstrating entitlement to judgment as a matter of law. *See D.H. Blair*, 462 F.3d at 110. Accordingly, the Court confirms the award in favor of Petitioners.

## II.    Attorney's Fees and Costs

### A.    Entitlement to Fees

Petitioners seek attorney's fees and costs incurred in bringing this petition. Dkts. 1, 10. "Ordinarily, attorney's fees cannot be recovered in a federal action in the absence of statutory authority." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Mountaintop Cabinet Mfr. Corp.*, No. 11-CV-8075 (JMF), 2012 WL 3756279, at *4 (S.D.N.Y. Aug. 29, 2012). Petitioners argue that in this case, Respondent's failure to abide by the arbitration award without justification justifies fees. The Court agrees.

It is well-established that a district court may exercise its inherent powers "to award attorney's fees to the prevailing party when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000). In

the context of a petition to confirm an arbitration award, attorney's fees and costs may properly be awarded "when a [party] refuses to abide by an arbitrator's decision without justification." *Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985). In this instance, Respondent agreed to submit disputes to arbitration, but has not complied in any way with the award. Respondent has also failed to appear in these proceedings. Respondent has provided no justification for its failure to abide by the arbitral award. Attorney's fees and costs are thus appropriate. *See, e.g.*, *New York City Dist. Council of Carpenters v. Galt Installations LLC*, No. 18 Civ. 7103 (ER), 2020 WL 2836480, at *5 (S.D.N.Y. May 29, 2020) ("Courts have routinely awarded attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.") (quoting *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013)).

### B.     Reasonableness of Fees

Petitioners seek $2,700 in attorney's fees, corresponding to 9 hours of work. Kugielska Aff. ¶ 5. Counsel Lauren Kugielska, from the firm of Barnes, Iaccarino & Shepperd LLP, has submitted time records that reflect the tasks performed and time spent in bringing this petition. *Id.* ¶ 7. Ms. Kugielska, an associate attorney who was admitted to practice in this Court in 2014, is seeking attorney's fees at the rate of $300 an hour. *Id.* ¶ 5. Additionally, Barnes, Iaccarino & Shepperd LLP has substantial experience in prosecuting actions for the enforcement of arbitration awards. *Id.*

Generally, courts determine the initial amount of an attorney's fee award by multiplying a reasonable hourly rate by the reasonable hours expended. *See, e.g.*, *Lilly v. City of New York*, 934 F.3d 222, 229 (2d Cir. 2019). District courts have "considerable discretion" to determine a

reasonable hourly rate, considering the prevailing rates within the district in which the court sits. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008); *see Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (explaining that the reasonable hourly fee determination should be guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation").  "In determining whether an hourly rate is reasonable, courts must take into account the nature of the representation and type of work involved."  *Trs. of Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Cooperation Funds v. Northcoast Maint. Corp.*, No. CV-17-5072 (DRH) (AYS), 2018 WL 2471201, at *4 (E.D.N.Y. May 4, 2018), *R. & R. adopted*, No. 17-CV-5072 (DRH) (AYS), 2018 WL 2465351 (E.D.N.Y. June 1, 2018).

Consistent with prior decisions in this District, the Court finds the $300 hourly rate for Ms. Kugielska to be reasonable.  *See Drywall Tapers & Pointers of Greater New York Local Union 1974, IUPAT, AFL-CIO v. Astoria T&M Services, Inc.*, No. 18-CV-624 (LGS)(SDA), 2018 WL 4489288, at *2 (S.D.N.Y. Sept. 19, 2018) (finding $300 hourly rate for Ms. Kugielska to be reasonable); *Drywall Tapers & Pointers of Greater New York Local Union 1974, IUPAT, AFL-CIO v. Visual Acoustics, LLC*, No. 17-CV-5431 (JGK)(KHP), 2018 WL 1596196, at *3 (S.D.N.Y. Mar. 29, 2018) (same).

Turning to the number of hours billed, the Court has examined the submitted invoice and finds that the hours expended were reasonable, with two minor exceptions.  Three-tenths of an hour were recorded for "Received issued Summons and forwarded process server a copy of Summons and Petition," and six-tenths of an hour were recorded for filing the affidavit of service. Kugielska Aff. ¶ 7.  Given the ministerial nature of these tasks, the Court finds it unreasonable to

award them at an attorney's rate of $300 an hour.  *See Drywall Tapers & Pointers*, 2018 WL 4489288, at *2.  The Court will, however, award fees for these tasks at a rate of $120 an hour, a reasonable hourly rate for paralegals within this District.  *See, e.g.*, *Trs. of New York City Dist. Council of Carpenters Pension Fund v. William Sommerville, Inc.*, No. 20 Civ. 8983 (PE), 2021 WL 6065761, at *6 (S.D.N.Y. Dec. 22, 2021); *Trs. of New York City Dist. Council of Carpenters Pension Fund v. JB Squared Constr. Corp.*, No. 20 Civ. 2659 (KPF), 2020 WL 6825693, at *7 (S.D.N.Y. Nov. 19, 2020).  The Court therefore awards attorney's fees in the total sum of $2,538— $2,430 (8.1 hours at a rate of $300 per hour) plus $108 (0.9 hours at a rate of $120 per hour).

Petitioners also seek reimbursement of costs totaling $547, consisting of the $400 filing fee and a statutory fee of $147 paid to the New York Secretary of State in service costs.  The Court finds the costs sought by Petitioners to be appropriate.

The Court thus grants Petitioners the sum of $2,538 in attorney's fees and $547 in costs.

**CONCLUSION**

For the foregoing reasons, the petition to confirm the arbitration award is granted.  The Clerk of Court is respectfully directed to enter judgment against Respondent in the amounts of $150 in wages on behalf of Gilberto Tavarez, $51.73 in benefits on behalf of Gilberto Tavarez, and $16,766.92 in fines to the Joint Board of the Painting and Decorating Industry.  The Clerk is also directed to enter judgment in favor of Petitioners and against Respondent in the amount of $2,538 in attorney's fees and $547 in costs.

The Clerk of Court is respectfully directed to terminate the motion pending at Docket 12 and close this case.

SO ORDERED.

Dated:     March 1, 2022
               New York, New York

_____
Ronnie Abrams
United States District Judge

9